O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT TILLOTSON, | ) | Case No. EDCV 07-01215-MLG |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

**I.    Factual and Procedural Background**

This is an action for judicial review of the Commissioner's final decision denying Plaintiff Robert Tillotson's application for disability insurance benefits and supplemental security income benefits under 42 U.S.C. §§ 416(i), 423. Plaintiff was born on November 2, 1964. (Administrative Record ("AR") 17.) He has workED as an auto mechanic and in repairing transmissions. (*Id.*) He alleges disability due to a torn meniscus in his right knee and a dislocated left rotator cuff. (AR 16.)

Plaintiff was insured for purposes of disability benefits through December 31, 2005. (AR 27.) On May 26, 2005, Plaintiff filed an application for a period of disability and disability insurance

benefits, stating that he had been unable to work since October 12, 2003 due to his impairments. (AR 21.) The applications were denied initially and upon reconsideration. (AR 27, 36.)

A hearing on Plaintiff's applications was held before Administrative Law Judge Jay E. Levine on May 3, 2007. (AR 12.) Plaintiff was represented by counsel and testified. (AR 12.) Sandra M. Fioretti, a vocational expert, also testified at the hearing. (AR 12.) In a decision dated May 16, 2007, ALJ Levine determined that Plaintiff was not disabled within the meaning of the Social Security Act. (AR 12.) At step four of the five-step sequential evaluation process, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to "essentially perform sedentary work." (AR 14.) The ALJ found the following specific limitations:

> [H]e can lift and/or carry 20 pounds occasionally and 10 pounds frequently. Out of an 8-hour period, he can sit for 6 hours and stand and/or walk for 2 hours. He cannot push/pull with the right leg. Nonexertional limitations include no working at unprotected heights and no work around dangerous machinery. The claimant cannot walk on uneven surfaces, climb or balance. He can occasionally kneel, crouch, crawl, and lift above shoulder level with the nondominant upper extremity.

(AR 14-15.) At step five of the five-step sequential evaluation process, the ALJ noted that Plaintiff's ability to do "all or substantially all" sedentary work was impeded by limitations beyond those of an ordinary sedentary RFC. (AR 17-18.) Given these additional limitations, the vocational expert testified that Plaintiff could work as a bench assembler, cashier and office helper. (AR 18.) The ALJ "eroded" the number of jobs in these fields by 50 percent and still found that they

exist in significant numbers. (AR 18.) On this basis, the ALJ found that Plaintiff was not entitled to disability benefits. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on August 3, 2007. (AR 4.)

Plaintiff filed the instant complaint on October 9, 2007. Plaintiff alleges that the ALJ failed to consider the opinions of a Physician's Assistant, posed an incomplete hypothetical question to the vocational expert, and erroneously determined that Plaintiff can perform the jobs of cashier, bench assembler and office helper. (Joint Stipulation ("JS") at 2.) The matter is now ready for decision.

**II.  Standard of Review**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's decision must be upheld unless "the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007)(quoting *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999)). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006). It is more than a scintilla, but less than a preponderance. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's

conclusion," the reviewing court "may not substitute its judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

### III. Discussion and Analysis

#### A. The ALJ Did Not Improperly Discredit the Opinion of a Physician's Assistant Who Treated Plaintiff

In a form dated June 26, 2006, Christopher Lister, P.A., a physician's assistant who works with one of Plaintiff's physicians, checked boxes indicating that Plaintiff has a maximum ability to lift and carry ten pounds on an occasional basis and to lift and carry less than ten pounds on a frequent basis. (AR 190.) Lister stated that Plaintiff requires an "opportunity to shift at will from sitting and standing and/or walking." (AR 191.) Lister also noted that Plaintiff's ability to reach, push and pull are affected by his physical limitations. (AR 192.) Plaintiff contends that the ALJ, who did not mention Lister or his conclusions in the decision, failed to properly consider Lister's opinion. (JS at 3.)

A treating physician's opinion is entitled to special weight. *See Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987); *Powell v. Chatter*, 959 F. Supp. 1238, 1244 (C.D. Cal. 1997). Here, the ALJ accorded such weight to the opinion of Plaintiff's treating orthopaedist, Dr. Peter J. Sofia, M.D. (AR 15, 188.) On February 9, 2006, Dr. Sofia told a state physician that Plaintiff is capable of "light work, as defined by Social Security." (*Id.*) Dr. Sofia was of the opinion that Plaintiff could lift and/or carry 10 pounds frequently and 20 pounds occasionally. (*Id.*) He was also of the opinion that Plaintiff could either stand/walk or sit for six hours of an eight hour period, as the work may require. (*Id.*) The ALJ relied on Dr. Sofia's opinion that

Plaintiff was capable of engaging in light work, but determined Plaintiff to be limited to the more favorable RFC of sedentary work.

Plaintiff relies on *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1031 (9th Cir. 2003) for the proposition that Lister's opinion is functionally equivalent to the opinion of a treating physician. *Benton* concerned the issue of whether a psychiatrist (the "treating psychiatrist") who had seen Lynne Benton only once, but who oversaw her treatment on the basis of information provided by psychologists and counselors, should be considered a "treating source" whose opinion would be accorded special weight.[1] *Id*. at 1035, 1037. The treating psychiatrist diagnosed Benton with major depression, an unspecified personality disorder, and chronic pain, as well as other mental conditions that would cause occupational impairment. *Id*. at 1033-34. Another psychiatrist who examined Benton once at the behest of the state agency ("non-treating psychiatrist") found less severe limitations. *Id*. at 1032, 1034. The ALJ refused to credit the opinion of the treating psychiatrist, determining that he was not a "treating source," and credited the opinion of the non-treating psychiatrist in determining that Benton did not have a disabling mental impairment. *Id*.

The Ninth Circuit began its analysis with the recognition that "the wording of the definition of 'treating source' has remained constant since 1991; the provision of medical treatment, particularly psychologic dysfunction and particularly within HMOs, has not." *Id*. at 1035. In

---

[1] "Treating source means your own physician, psychologist, or other acceptable medical source who provides you, or has provided you, with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with you." 20 C.F.R. § 404.1502. An "acceptable medical source" may be a licensed physician, a licensed or certified psychologist, a licensed optometrist, a licensed podiatrist, or a qualified speech-language pathologist. *Id*.; 20 C.F.R. § 404.1513(a).

particular, psychologists and counselors increasingly worked under the supervision of a psychiatrist to provide mental health care to a particular patient. *Id*. In Benton's case, "one or more other members of that treatment team other than [the treating psychiatrist] had sufficient contact with Benton to qualify unequivocally as a treating source." *Id*. at 1036. The result is that the treating psychiatrist "transmitt[ed] both his own knowledge and opinion of Benton *and* those of the medical treatment team under his supervision." *Id*. at 1039. Accordingly, he was not foreclosed from offering a mental RFC assessment on behalf of his treatment team. *Id*.

*Benton* does not support the proposition that Lister's opinion should be given the special weight of a "treating source." First, Lister is plainly precluded from being considered a "treating source" by the language of the relevant regulations, which do not list a physician's assistant as an acceptable treating source. 20 C.F.R. § 404.1502; 20 C.F.R. § 404.1513(a). In contrast, a psychiatrist, being a medical doctor, is listed as an acceptable treating source. Second, to the extent that *Benton* adopts a functional approach to the idea of "treatment," that approach clearly does not make any medical professional – including a nurse and a physician's assistant – who offers treatment the functional equivalent of a treating physician.

The ALJ was under no obligation to accord Lister's opinion special weight.[2] 20 C.F.R. § 404.1513(d)("[W]e *may* also use evidence from other sources to show the severity of your impairment(s) and how it affects

---

[2] Moreover, there was no need to discuss Lister's opinion at all because in evaluating a claimant's disability application, the ALJ need not discuss every piece of evidence, including medical evidence. *Howard v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003).

your ability to work.")(emphasis added). Indeed, the ALJ properly accorded special weight to the opinion of Plaintiff's treating orthopaedist, whose opinion in this instance properly constitutes substantial evidence. *Cf. Magallanes v. Bowen*, 881 F.2d 747, 753 (9th Cir. 1989)(holding that even nontreating physicians' opinions may constitute substantial evidence). Plaintiff's contention that the ALJ improperly rejected the opinion of Plaintiff's physician's assistant is without merit.

**B.   The Hypothetical Question Posed to the Vocational Expert Was Proper**

At the hearing, the ALJ posed the following hypothetical to the vocational expert:

> Assume a hypothetical individual of the claimant's age, education, prior work experience. Assume this person can lift and carry 20 pounds occasionally, 10 pounds frequently. The person can stand and walk two out of an eight hour day, can sit six [sic] out of an eight hour day. No pushing or pulling with the right leg. No walking on uneven surfaces. No climbing, no balancing, occasional stooping, kneeling, crouching, crawling. Occasional lifting above the shoulder level with the non-dominate [sic] upper extremity and no, no limitation in that regard with the dominate [sic] upper extremity. Is there work in the regional or national economy such a person could perform?

(AR 248.) Plaintiff contends that this hypothetical was legally faulty in that it failed to include the limitations found by Lister: Plaintiff's need to shift at will from sitting and/or standing and

plaintiff's inability to lift more than ten pounds occasionally.[3] (JS at 8.)

One way for the Commissioner to show that a Social Security claimant can engage in substantial gainful activity is to pose a hypothetical to a vocational expert that reflects all of the claimant's limitations. *See Baalist v. Barnhart*, 427 F.3d 1211, 1217-18 (9th Cir. 2005) (hypothetical posed to vocational expert proper where it contained "all of the limitations that the ALJ found credible and supported by substantial evidence in the record"). The ALJ does not need to include limitations that he did not find to exist. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001)("Because the ALJ included all of the limitations that he found to exist, and because his findings were supported by substantial evidence, the ALJ did not err in omitting the other limitations that Rollins had claimed, but had failed to prove."). Here the ALJ included all of the limitations that he found to exist, each of which was included in the opinion of Plaintiff's treating orthopaedist. *See Magallanes*, 881 F.2d at 757 ("The limitation of evidence in a hypothetical is objectionable 'only if the assumed facts could not be supported by the record.'")(*quoting Sample v. Schweiker*, 694 F.2d 639, 644 (9th Cir. 1982)). There was no error in the hypothetical question the ALJ posed to the vocational expert.

**C.  Plaintiff's Limitations Do Not Conflict with the Jobs the Vocational Expert Found Him Capable of Performing**

At the hearing, the vocational expert testified that Plaintiff could perform the following work:

---

[3] Plaintiff also argues that another hypothetical was faulty for the same reason, but the ALJ did not rely on that hypothetical and the Court need not address it.

> There would be work such as a bench assembler, which is light, unskilled SVP 2. I would erode the number of these jobs – light to occasional – by 50 percent, which would leave 1500 regionally and in excess of 20,000 nationally. There would be work as a cashier II, which is light, unskilled, SVP 2. Again, eroding by 50 percent there would be 2,500 positions regionally and in excess of 50,000 nationally. There would be work as an office helper, which is light, unskilled SVP 2. Eroding by 50 percent would leave 740 regionally and 12,500 nationally.

(AR 248.) The vocational expert accurately described these jobs as "Light Work" under the Dictionary of Occupational Titles ("DOT"). The DOT defines light work as "[e]xerting up to 20 pounds of force occasionally, and/or up to 10 pounds of force frequently, and/or a negligible amount of force constantly ... to move objects. Physical demand requirements are in excess of those for Sedentary Work." DOT, Appx. C (4th ed. 1991). Plaintiff claims that such work is beyond his occupational limitations.[4] (JS at 10.)

As Plaintiff's contentions concerning Lister's findings has already been rejected, the remaining issue is whether the classification of these jobs in the DOT as light conflicts with Plaintiff's sedentary RFC found by the ALJ. "[A]n ALJ may rely on expert testimony which

---

[4] Plaintiff has caused the Court some confusion here. Plaintiff cites the DOT's entry for cashier as "Light Work" – which it is – and then defines light work for DOT purposes as requiring the ability to "lift, carry, push, pull, or otherwise move objects, including the human body." (JS at 11.) However, that is not the definition of "Light Work" in the DOT. It is the definition of "Sedentary Work." DOT, Appx. C (4th ed. 1991). Indeed, "Light Work," as defined in the DOT, need not require any pushing or pulling at all, and may only require walking or standing to a significant degree. *Id*.

contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation." *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995). Here, the ALJ provided the vocational expert with all of the limitations found by Plaintiff's treating orthopaedist. The vocational expert found Plaintiff could perform any of three jobs, each of which, being "Light Work," capture the primary exertional limitations assigned by Plaintiff's treating orthopaedist.[5] Contrary to Plaintiff's contention, the ALJ did not rely on a job description that fails to comport with Plaintiff's limitations. *Cf. Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001). The ALJ's determination that jobs existed in significant numbers that Plaintiff could perform was proper.

**IV. Conclusion**

For the reasons stated above, the Commissioner's final decision is **AFFIRMED** and the action is **DISMISSED.**

DATED: July 1, 2008

_____
MARC L. GOLDMAN
United States Magistrate Judge

---

[5] The vocational expert also eroded the number of jobs available to account for Plaintiff's limitations, an action adopted by the ALJ's decision. (AR 18.)